HARRY V. ZIGENFUS, PROSECUTOR, v. EDWARD D. BALENTINE, DIRECTOR, ETC., ET AL., DEFENDANTS.

Submitted May 5, 1942—Decided November 23, 1942.

Before Justices CASE, DONGES and COLIE.

For the prosecutor, *Wilbur J. Bernard.*

For the defendants, *David T. Wilentz, William Newman* and *Harry A. Walsh.*

The opinion of the court was delivered by

DONGES, J. This writ brings up for review the action of the Director of Public Safety of the Town of Irvington in promoting the defendant Holleran from captain to deputy chief of the fire department and the action of the Civil Service Commission in accepting and recording said appointment.

There being two vacancies in the offices of deputy chiefs, the Civil Service Commission, at the request of the Director of Public Safety, conducted a competitive promotional examination. All captains in the department were eligible but only four of them took the examination, finishing in the following order: Walter H. Kollmar, 92.85; Harry V. Zigenfus, the prosecutor, 91.45; Lawrence B. Kithcart, 90.34, and William S. Holleran, 86.07. These four names were certified to the appointing authority and on April 30th, 1941, the director appointed Kollmar, the first on the list, and Holleran, the fourth on the list, which appointments were recorded by the commission.

The prosecutor, Zigenfus, who stood second on the list, was the only one of the four who had a veteran's rating and he claims that his rights under *R. S.* 11:27-6 were violated by the appointment of Holleran. That section provides:

"Nothing contained in sections 11:27-2 to 11:27-5 of this Title shall apply to promotions; provided, however, that whenever any examination for promotions be held and any veteran shall receive the highest certification from among those qualified, before such appointive power shall appoint for promotion any non-veteran, such appointive power shall show cause before the Civil Service Commission why such veteran should not receive such promotion."

There was no effort to show cause why prosecutor was not selected for the promotion.

The position of the defendants is that when there is more than one vacancy, a list of eligibles is submitted containing two more names than there are vacancies, and the appointing power may then make his selections regardless of position on the list, and that prosecutor would be able to claim the benefit of the quoted statute only if he were first on the list

resulting from the examination. It is their contention that the appointments are made simultaneously.

On the other hand, the prosecutor claims that the appointments, if there be more than one, must be made singly, the first one from among the first three upon the list and the second from the first three upon the list as it stands revised after the removal of the name of the one first appointed. This would mean that Kollmar's appointment must have been made first, because Holleran was not among the first three and therefore he was not eligible for the first appointment, and that after Kollmar was appointed and his name removed from the list the eligibles stood in the following order: Zigenfus, Kithcart and Holleran. Zigenfus, being a veteran and being first upon the list, would then be entitled to the benefit of the act.

Defendants rely upon rule 31 of the Civil Service Commission: "If there be more than one vacancy there shall be certified to the appointing authority the names of as many persons as there are vacancies to be filled and two additional names." This rule seems to be a proper one. The provisions of the Civil Service Law applicable to municipalities do not require it, but it is in conformity with the statute regulating the state service. *R. S.* 11:10-1, which provides: "If more than one vacancy is to be filled, an additional name shall be certified for each additional vacancy." But it does not necessarily follow that the appointments, where there is more than one vacancy, are not to be considered as made one at a time where the relative position of candidates upon the list is of importance.

*R. S.* 11:22-16 provides: "The commission shall certify to the appointing authority the names and addresses of three candidates standing highest on the register for the class or grade in which the position belongs. The appointing authority shall select one of the three so certified."

We think the better view is that, where the position of the names upon the list of eligibles is of moment, the appointments must be considered to be made singly, the first one from the first three upon the list and the following ones from

the first three upon the list as it stands revised after a prior appointment or appointments. We think that the appointment of Kollmar was necessarily made first and, that after his appointment, the prosecutor received "the highest certification from among those qualified" for the second appointment. In that situation he was entitled to the benefit of the preference statute and it was improper to appoint Holleran without first showing cause in accordance with the act.

The actions under review are set aside.